IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **PRIME PROPERTY & CASUALTY INSURANCE INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ASAP TRANS CORP; JEFFREY SCOTT WALKER; and WILLIAM CATO,**<br><br>Defendant. | C/A No.:<br>3:25-cv-4793-SAL<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br>(Non-jury) |

Plaintiff Prime Property & Casualty Insurance Inc., ("Prime") by and though its counsel, Clyde & Co US LLP, states as follows for its Complaint for Declaratory Judgment against Defendants, ASAP Trans Corp, Jeffrey Scott Walker, and William Cato, ("Defendants"), and declaratory relief.

## INTRODUCTION

1.  Prime seeks a declaratory ruling from this Court that Prime has no duty to indemnify ASAP Trans Corp and/or its employee, Jeffrey Scott Walker for any judgment, verdict, and settlement of punitive damages in the lawsuit titled *William Rhett Cato v. ASAP Trans Corp, Jeffrey Scott Walker*, (Case 23-CV-02771, U.S.D.C. South Carolina). The claim and lawsuit arise out of a multiple-vehicle crash that occurred on April 15, 2022, in Lexington County, South Carolina. Jeffrey Scott Walker was allegedly driving a 2018 Freightliner truck with trailer.

2.  Prime seeks a declaration by this Court of the parties' rights and obligations under the Prime insurance policy to ASAP. A true and correct copy of the policy is attached hereto as **Exhibit -1**.

40563330

3. For the reasons set forth below, Prime is entitled to judgment in its favor that it has no duty to indemnify ASAP and/or Jeffrey Scott Walker for any judgment, verdict, or settlement that includes punitive or exemplary damages imposed by operation of South Carolina tort law. In addition, the MCS-90 Endorsement does not impose a duty to defend and is not liability insurance.

**PARTIES, JURISDICTION, & VENUE**

4. Prime Property & Casualty Insurance Inc., ("Prime") is an Illinois corporation with its principal place of business in Sandy, Utah, and is licensed to do business in the State of Illinois. Prime issued Commercial Auto insurance to ASAP Trans Corp, ("ASAP") as described below.

5. Defendant, ASAP is a licensed motor carrier and an "Active" Illinois corporation with its principal place of business at 14007 S. Bell Road, Suite 149, Homer Glen, Illinois, 60491.

6. Jeffrey Scott Walker is an individual and resident of Georgia at the time of the events alleged in the Cato Lawsuit.

7. William Rhett Cato is a resident of Aiken County, South Carolina. He is the claimant or plaintiff in the lawsuit titled *William Rhett Cato v. ASAP Trans Corp, Jeffrey Scott Walker*, (Case 23-CV-02771, U.S.D.C. South Carolina, "Cato Lawsuit").

8. Venue and jurisdiction are proper in the U.S. District Court of South Carolina, in the Columbia Division. 28 U.S.C. §§121, 1332, 1391, and 2201.

**FACTUAL BACKGROUND, CATO LAWSUIT & PRIME POLICY**

9. This coverage suit addresses a dispute between Prime and ASAP arising out of a crash that occurred on April 15, 2022, in Lexington County, South Carolina. Mr. Cato claims and alleges that Mr. Walker was driving a 2018 Freightliner (VIN ending -1986) with Illinois Plate P975240 and trailer. The owner is identified as ASAP. Mr. Walker struck a number of vehicles, including the vehicle driven by Mr. Cato, a 2015 Ford Pickup (VIN ending -1109), with South Carolina Plate PZX101.

40563330

10. On June 16, 2023, Mr. Cato filed his lawsuit in federal court based on diversity. In the two-count complaint, Mr. Cato claims ASAP and Walker were negligent in causing the accident. A copy of the Complaint is attached hereto, as **Exhibit -2**. He asserts a claim for punitive damages against the insured, ASAP and driver Walker.[1] In the Cato Lawsuit, Mr. Cato "prays for judgment against the Defendants for actual and punitive damages in an amount to be determined by the jury…." (*See*, Exh. -2, Cato Lawsuit, Doc.1, Page 6 of 6).

*Prime Policy & Actual Controversy*

11. Prime provides Business Auto insurance coverage to ASAP, based in Illinois, for the policy period of December 18, 2021, to December 18, 2022. (Prime Policy No. PC21120709, "Policy"). The limits of insurance are a combined single limit of one million dollars, ($1,000,000). Prime has made indemnity payments in settlement of claims and the remaining limits of insurance have been reduced. (*See*, Exh. -1, Liability Coverage, Page 3 of 13).

12. In the Policy, an accident must involve a covered "auto", as defined in the Policy, which in this case is limited to Specifically Described "Autos" and Owned "Autos" only, by symbols No. 2 and 4. (*See*, Exh. -1, Policy, *Declarations*, p.2, ACA-99-05 29OCT2015; and CA 0001 1013, Page 2 of 13). Any covered claim must be "…caused by an 'accident' and resulting from the ownership, maintenance or use a covered 'auto.'" (*Id.*, Liability Coverage, Page 3 of 13).

13. The Business Auto Coverage Form, CA 00 01 10 13, provides, in Section II.A, that Prime ("We") "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' … to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." (*See*, Exh. -1, CA 00 01 10 13, at p. 3 of 13). Thus, the pertinent coverage

---

[1] Prime does not intend to imply or suggest that the allegations of the Cato Lawsuit are true, and the matter is contested.

40563330

3

grant requires that the subject "accident" involve a covered "auto", as defined in the Policy, which in this case is limited to Specifically Described "Autos" and Owned "Autos" only, by symbols No. 2 and 4. (*See*, Exh. -1, Policy, *Declarations*, p.2, ACA-99-05 29OCT2015; and CA 0001 1013, Page 2 of 13). Any covered claim must be "…caused by an 'accident' and resulting from the ownership, maintenance or use a covered 'auto.'" (*Id.*, Liability Coverage, Page 3 of 13). The term "accident" is defined as including "continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage'. (*Id.*, CA 00 01 10 13, p. 11 of 13).

14. The Policy also includes provisions for *Scheduled Drivers* and *Approved Driver Endorsements*. The Policy includes an endorsement titled *Specifically Described Autos-Item Three of Declarations*. (*See*, Exh. -1, ACA-99-04 17OCT2018). This includes a *Composite* rate for covered autos. The following text is in the form:

> All Autos are required to pass an annual safety inspection performed by an independent service garage in order to be a covered Auto, which must be available at the request of the Insurer.
>
> Any non-owned trailers scheduled on this endorsement must be attached to a scheduled power unit for coverage to apply.

(*See*, Exhibit -1, ACA-99-04 17OCT2018). The Policy also includes a *Composite Rate Endorsement*, which provides that:

> Auto Designation Symbol 7 Specifically Described "Autos" shall include any "Auto" owned, leased and/or operated by the insured except private passenger vehicles regardless of whether said private passenger vehicles are being used for business purposes

(*Id*. IL ACA -99-29 13MAR2020).

15. Mr. Cato filed his lawsuit on June 16, 2023. ASAP and Walker have requested a defense from Prime for the claims in the Cato Lawsuit. Prime is defending both ASAP and Walker against the Cato Lawsuit, subject to a reservation of rights. Mr. Cato seeks punitive damages in

his Complaint, and has made settlement demands that include a component of punitive damages. There is an actual and real controversy between the parties as to the nature and scope of the parties' rights and obligations under the Policy and applicable law.  U.S. Const., Article III, Sec.2; 28 U.S.C. §2201.

**COUNT I - DECLARATORY JUDGMENT AS TO**
**<u>PUNITIVE DAMAGES</u>**
**(Under Illinois Law, There is No Coverage for Punitive Damages)**

16.     Plaintiff, Prime adopts and repeats the allegations of Paragraph 1 through 15 above, as though the same were fully set forth herein.

17.     Prime issued Business Auto Insurance coverage for motor carrier operations to ASAP.  The Policy uses forms of insurance specific to Illinois and to a business based in Illinois.

18.     The Prime Policy to ASAP is subject to Illinois law and includes Illinois forms of insurance.  Illinois law is properly applied to the construction and application of the Prime Policy, to an Illinois insured motor carrier.

19.     The Prime Policy provides that Prime will pay all sums that the insured must legally pay as damages arising out of otherwise covered motor carrier operations by an Approved Driver and use of a covered auto.  Illinois public policy precludes insuring for punitive damages.

20.     The Prime Policy includes an Illinois Uninsured Motorist Coverage endorsement, which applies to the Business Auto Coverage Form and provides that "[t]his insurance does not apply to…[p]unitive or exemplary damages."  (*See*, Exh. -1, CA 2130 0115).

21.     Prime has no duty to defend or indemnify ASAP and/or Jeffrey Scott Walker for any exemplary or punitive damages claimed in the Cato Lawsuit.

WHEREFORE, Prime respectfully requests that this Honorable Court declare that:

40563330

    A.    The Prime Policy does not provide coverage for punitive damages for any judgment, verdict, or settlement against ASAP and Jeffrey Scott Walker;

    B.    Prime has no duty to indemnify ASAP and Jeffrey Scott Walker for any judgment, verdict, or settlement that includes punitive damages;

    C.    The Court's rulings are binding on William Cato in this and the Cato Lawsuit; and,

    D.    Granting any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

**COUNT II - DECLARATORY JUDGMENT AS TO**
**CONCEALMENT & MISREPRESENTATIONS**
**(The Insured Has Not Complied with Policy Conditions)**

22. Plaintiff, Prime adopts and repeats the allegations of Paragraph 1 through 15 above, as though the same were fully set forth herein.

23. William Cato contends that either ASAP and/or Jeffrey Scott Walker have misrepresented facts relating to the motor carrier operations. Mr. Cato also appears to contend that ASAP and/or Mr. Walker may have violated federal regulations for interstate motor carrier operations. These contentions are disputed in the Cato Lawsuit. Prime does not intend to imply or suggest that such contentions are true.

24. In the *General Conditions* part, the Prime Policy provides as follows:

> This Coverage Form is void in any case of fraud by you at any time as it relates to his Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceals or misrepresents a material fact concerning:
>
>     a.    This Coverage Form;
>
>     b.    The covered "auto";
>
>     c.    Your interest in the covered "auto"; or
>
>     d.    A claim under this Coverage Form.

(*See*, Exh. -1, Policy, CA 0001 1013, Page 11 of 13).

40563330

25. To the extent that William Cato claims that ASAP and/or Jeffrey Scott Walker, intentionally concealed or misrepresented material facts concerning the facts or claim, the coverage is void and there is no coverage under the Prime Policy.

WHEREFORE, Prime respectfully requests that this Honorable Court declare that:

A. The underlying complaint against ASAP and Jeffrey Scott Walker does not allege a claim that falls within the MCS-90 Endorsement;

B. Prime has no duty to ASAP and/or Jeffrey Scott Walker under the MCS-90 Endorsement of the Prime Policy with regard to the underlying complaint and has no duty to pay the attorneys' fees, costs and expenses incurred in the defense of ASAP and/or Jeffrey Scott Walker;

C. Prime has no duty to indemnify ASAP and/or Jeffrey Scott Walker for any judgment, settlement, or verdict in the Lawsuit under the Prime Policy; and,

D. Granting any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

### COUNT III - DECLARATORY JUDGMENT AS TO MCS-90 PROVISIONS
**(There is No Insurance Coverage Under the MCS-90 Endorsement)**

26. Plaintiff, Prime adopts and repeats the allegations of Paragraph 1 through 15 above, as though the same were fully set forth herein.

27. The Prime Policy includes an MCS-90 Endorsement. It provides for indemnity payments (but not coverage) for negligent motor carrier operations that is uninsured under the Policy. The MCS-90 obligates an insurer to pay certain judgments against the insured arising from *interstate* motor carrier operations and, applies, if at all, only if the primary liability insurance coverage provisions of the policy do not apply to the loss or damage. The limits of the benefits of the MCS-90 Endorsement is seven hundred and fifty thousand dollars ($750,000). (*See*, Exh. -1, Policy, MCS-90 Endorsement).

40563330

28.  There is no duty to defend ASAP and/or Jeffrey Scott Walker under the MCS-90 Endorsement provisions.

29.  The MCS-90 applies to "…any final judgment against the insured for public liability resulting from negligence…" in motor carrier operations.  The term "public liability" is defined as "liability for bodily injury, property damage, and environmental restoration."

30.  The MCS-90 Endorsement provides that:

> The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

(*See*, Exh. -1, Prime Policy, MCS-90 Endorsement).

31.  In the event that Prime is required to indemnify for a final judgment against the insured, Prime would have a right to seek indemnity or reimbursement from the named insured, ASAP.[2]

WHEREFORE, Prime respectfully requests that this Honorable Court declare that:

A.  The underlying complaint against ASAP and Jeffrey Scott Walker does not allege a claim that falls within the MCS-90 Endorsement;

B.  Prime has no duty to ASAP and/or Jeffrey Scott Walker under the MCS-90 Endorsement of the Prime Policy with regard to the underlying complaint and has no duty to pay the attorneys' fees, costs and expenses incurred in the defense of ASAP and/or Jeffrey Scott Walker;

C.  Prime has no duty to indemnify ASAP and/or Jeffrey Scott Walker for any judgment, settlement, or verdict in the Cato Lawsuit under the Prime Policy; and,

D.  Granting any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

---

[2] There is also a *Personal Guarantee and Indemnity Agreement* from ASAP's corporate agent. Pursuant to the Guarantee, ASAP and its principal agreed to "…indemnify, defend and hold Prime harmless from any and all loses or claims arising out of a Non-Covered Claim."

40563330

Respectfully submitted,

          CLYDE & CO US LLP

          By: <u>  s/Janice Holmes          </u>
             Janice Holmes (Fed. I.D. No. 11366)
             1775 Pennsylvania Ave. NW, Fourth Floor
             Washington, DC 20006
             Telephone: (202) 747-5178
             Facsimile:  (202) 747-5150
             janice.holmes@clydeco.us

          and

             Danny L. Worker (*pro hac vice application forthcoming*)
             Siobhán M. Murphy (*pro hac vice application forthcoming*)
             Vincent P. Tomkiewicz (*pro hac vice application forthcoming*)
             30 S. Wacker Drive, Suite 2600
             Chicago, Illinois 60606
             Telephone:  (312) 635-7000
             dan.worker@clydeco.us
             siobhan.murphy@clydeco.us
             vincent.tomkiewicz@clydeco.us

May 30, 2025
Lexington, South Carolina

40563330